UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSANA E. DE-GIBER,

        Plaintiff,

v.                                                                                                    Case No. 11-14407
                                                                           Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
and DISMISSING ACTION**

      This matter is before the Court on Magistrate Judge Mark A. Randon's Report and Recommendation **[Doc. No. 14, filed October 24, 2012]**. Objections and a response to the objections have been filed.

      Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff raises three objections: 1) the Magistrate Judge's analyses of the ALJ's handling of Plaintiff's alleged noncompliance with treatment fails to grasp the nature and source of the error alleged; 2) the Magistrate Judge's handling of the hypothetical question posed to the vocational expert reverses the burden of proof in approving an insufficiently detailed questions; and 3) the Magistrate Judge misunderstood Plaintiff's contentions regarding the opinions of Dr. David Hing. As noted above, the Commissioner responded to Plaintiff's objections.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. This Court does not have the authority to reweigh the factual evidence before the ALJ if the ALJ's decision is supported by substantial evidence.

As to the objection relating to the ALJ's handling of the noncompliance finding, the ALJ did not find that Plaintiff was disabled as a result of noncompliance with prescribed treatment. The Court agrees with the Magistrate Judge that Plaintiff's claim that the ALJ failed to develop a further record as to noncompliance was required under SSR 82-59 is not supported by the record. As noted by the Magistrate Judge, SSR 82-59 is inapplicable since the ALJ concluded that Plaintiff was not disabled. The ALJ did not find that Plaintiff would "otherwise" be disabled but for Plaintiff's noncompliance of the treatment. The ALJ noted Plaintiff's noncompliance as it related to the Global Assessment of Functioning scores and as it related to Plaintiff's credibility, which the ALJ is able to so assess. *See Blacha v. HHS,* 297 F.2d 228, 331 (6th Cir. 1990).

Regarding the vocational expert hypothetical objection raised by Plaintiff, the Court agrees with the Magistrate Judge that the hypothetical questions posed by the ALJ to the vocational expert was sufficient. The ALJ's question indicated that Plaintiff was "unskilled" and could only perform "routine" work. Dr. Jerry Csokasy concluded that Plaintiff was "able to

perform simple/routine tasks on a sustained basis" which supports the ALJ's hypothetical question posed to the vocational expert that Plaintiff is limited to "unskilled, routine work."

Plaintiff's third objection is that the Magistrate Judge misunderstood Plaintiff's contention as to Dr. Hing's opinion. Plaintiff claims the is Plaintiff's ability to grasp and pinch, but the Magistrate Judge's analysis regarding lifting was not at issue. The Court finds that the Magistrate Judge properly quoted the ALJ's findings as to Dr. Hing which specifically noted the "grasping with pinching" limitation. The Magistrate Judge found that the ALJ correctly concluded that after the 2008 carpal tunnel and trigger finger release surgery, Plaintiff had a 60% improvement of her symptoms, with increased strength and ability to make a fist and that Plaintiff was able to sweep and mop around the house. The Magistrate Judge also found that the ALJ correctly noted that a November 2009 nerve conduction study showed no abnormalities and that Plaintiff exhibited a full range of motion and grip strength of 30 pounds in her right hand. The Magistrate Judge did not misunderstand Plaintiff's contention since the ALJ's findings regarding the strength of grip was noted.

The Court agrees with the Magistrate Judge that the ALJ properly considered Plaintiff's medical records and that the ALJ's findings were properly supported. The Court further agrees with the Magistrate Judge that the ALJ properly relied on the vocational expert's testimony and that the ALJ appropriately utilized the vocational expert's testimony.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mark A. Randon **[Doc. No. 14, filed October 24, 2012]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment **[Doc. Nos. 7 and 9, filed February 10, 2012 and March 9, 2012]** are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 12, filed June 13, 2012]** is **GRANTED**. The Commissioner's decision is AFFIRMED.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 15, filed November 7, 2012]** is OVERRULED.

**IT IS FURTHER ORDERED** this action is DISMISSED with prejudice.

<u>S/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2013, by electronic and/or ordinary mail.

<u>S/LaShawn R. Saulsberry</u>
Case Manager

4